## PATRICK FLAHERTY

### *v.*

## LEANDER J. McCORMICK *et al.*

*Filed at Ottawa January 19, 1888.*

| 123 | 525 |
| 40a | 537 |
| 123 | 525 |
| 155 | 231 |
| 123 | 525 |
| 47a | 105 |
| 123 | 525 |
| 67a | 182 |
| 123 | 525 |
| 73a | 429 |
| 123 | 525 |
| 88a | 479 |
| 123 | 525 |
| 200 | ³481 |
| 123 | 525 |
| 104a | ¹312 |
| 128 | 525 |
| 110a | ¹203 |

1. CHANCERY—*what proceedings become a matter of record—office of a certificate of the chancellor—of exceptions to rulings.* All oral motions in a chancery case should be noted upon the clerk's docket, and a minute made thereof by the judge, and the motions, with the orders made thereon, should be duly entered of record by the clerk. By this means they become a matter of record, without the aid of a certificate of the judge. So, written motions, when filed, become a part of the record, and a certificate of the judge showing the same is unnecessary and inoperative.

2. The certificate of the judge in a chancery case, as to what the motions and orders were, is as inoperative and as much out of place as a statement in a bill of exceptions of the pleadings, and the rulings of the court in respect to them, would be in a case at law. Under the practice, the only certificate which an appellate tribunal can receive is one of the evidence.

3. The sole office or function of a certificate of evidence in a chancery case is to truly set forth the evidence offered, rejected, received and considered on the hearing, and any attempt to make it subserve any other purpose is without warrant of law.

4. In chancery cases it is never proper to take exceptions to the rulings of the court, as it would be, under like circumstances, at law. All motions, proceedings and orders must be entered of record, and on appeal or error all the motions and orders, with the pleadings and the files in the case, constitute the record upon which the case is reheard. On the hearing of the appeal, the question is not so much as to whether the lower court ruled properly upon this or that question, as it is in cases at law, but whether, upon the whole record, the decree is right.

5. While a bill of exceptions, in a case at law, usually performs the same office, yet its chief function, as its name implies, is to preserve exceptions to the rulings of the court upon motions and questions of evidence, and the like, and thereby make them a part of the record, which they otherwise would not be.

6. SAME—*right of complainant to dismiss his bill—leave to dismiss without prejudice.* After the filing of a cross-bill by the defendant in a chancery suit, it is error for the court to dismiss the original bill on the complainant's motion.

7. After final decree in a chancery suit has been made, and reversed for want of equity in the bill, and remanded, leave to the complainant to dis-

miss his bill without prejudice is never granted as a matter of course. After the cause has progressed to that stage, there should be some special reasons for granting leave to dismiss without prejudice, as, where the dismissal is occasioned by some slip or mistake in the pleadings or the proof.

8.   After the hearing of a cause, and a decree upon the merits against a defendant's title, a reversal of that decree, and an opinion of this court sustaining the defendant's title and holding that the complainant had no equities against him, and the cause was remanded and redocketed, it was held an abuse of the discretion of the court to enter an order, on complainant's application, dismissing the bill without prejudice. In such case he had the right to dismiss at his costs, but not without prejudice.

9.   SAME—*after reversal and remandment—and before the cause is redocketed.* After the reversal of a decree with an order to remand the cause, the defendant served a notice on the complainant that on the 12th day of October, 1885, he would file the remanding order, and move the court to redocket the case. On October 10, and before the remanding order was filed, complainant filed with the clerk a writing, to the effect that the bill was dismissed at complainant's cost, without prejudice, for the purpose of preventing the filing of a cross-bill: *Held,* that as the cause was not pending in the court before the filing of the remanding order, the filing of the stipulation of dismissal could avail nothing, and was a fruitless act.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. WILLIAM E. MASON, and Mr. J. D. ADAIR, for the appellant:

The cross-bill of Flaherty was on file before the motion to dismiss the original and cross-bills was made.

The cross-bill of the appellant having been filed on October 12, 1885, before said motions were made and a rule asked on the parties thereto to answer, it was error to dismiss both the original and cross-bills filed by Cyrus H. McCormick, deceased, without the consent of Flaherty.

The order dismissing the original and cross-bills of the McCormicks was erroneous, for even assuming that Flaherty's cross-bill was not on file, the motion to dismiss was made on October 12, 1885, without notice to the appellant. 1 Daniell's Ch. Pr. (4th Am. ed.) 791.

The order of the court is erroneous in the following respects, viz.:

In dismissing Flaherty's cross-bill, the dismissal of the McCormick bills did not carry with them the Flaherty cross-bill. Relief was sought thereunder other than by way of defence, and as to matters connected with those alleged in the dismissed bills. Notwithstanding this, the court first, of its own motion, and without assigning a reason, dismissed the Flaherty cross-bill, and then, by "stipulation," followed this dismissal with that of the bill and cross-bill of the McCormicks. Flaherty's cross-bill should, in any event, have been retained. *Ralls* v. *Ralls*, 82 Ill. 243; *Ladner* v. *Ogden*, 31 Miss. 344; *Worrell* v. *Wade's Heirs*, 17 Iowa, 96; *Ragland* v. *Broadnax*, 29 Gratt. 422; *Follansbee* v. *Mortgage Co.* 7 Bradw. 486; *Mitchell* v. *Shortt*, 113 Ill. 255; *Hurd* v. *Ascherman*, 117 id. 509.

The "stipulations," so-called, could in no event be the basis of the action of the court. When they were placed with the files, no cause was pending in the court below. *Owens* v. *McKethe*, 5 Gilm. 79; *Simpson* v. *Alexander*, id. 260; *Keyser* v. *Farr*, 15 Otto, 265; *Coutes* v. *Wilkes*, 94 N. C. 174; *Stone* v. *Spellman*, 16 Texas, 432; *Levi* v. *Karrick*, 15 Iowa, 444; *Austin* v. *Dufour*, 110 Ill. 85; Rev. Stat. 1885, (Starr & Curtis,) chap. 110, sec. 84, p. 1840.

Pending the appeal in this court, the court below retained the right only to preserve the *status in quo* between the parties. *Railroad Co.* v. *Railroad Co.* 105 Pa. St. 13.

Mr. JNO. N. JEWETT, for the appellees:

Independently of the fact that the jurisdiction of the court depended upon the issue of partition, it was the absolute right of the McCormicks to dismiss their bill under the conditions disclosed by the record.

After reversal of the decree and a simple remanding, the case stood precisely as if no decree had ever been made. *Chickering* v. *Failes*, 29 Ill. 294; *Hays* v. *Cassell*, 70 id. 669;

*Hough* v. *Harvey*, 84 id. 308; *Mohler* v. *Wiltberger*, 74 id. 163; *Purdy* v. *Henslee*, 97 id. 389.

A complainant has the right to dismiss at any time before a cross-bill is filed. Rev. Stat. 1874, chap. 22, sec. 36; *Mohler* v. *Wiltberger*, 74 Ill. 163; *McConnel* v. *Smith*, 23 id. 611; *Blair* v. *Reading*, 99 id. 600.

A motion for leave to file, and an actual filing of the cross-bill, with or without leave of the court, are two separate and distinct matters. The statute applies only when such bill is actually filed.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Leander J. McCormick, on the 20th day of October, 1882, filed a bill in the Superior Court of Cook county, against Cyrus H. McCormick and Patrick Flaherty, for the partition of certain lands set forth in the bill. The bill alleged, in substance, that the complainant, and the defendant Cyrus H. McCormick, acquired title to the land, by purchase, from Samuel J. Walker, the owner in fee; that before and at the time of Walker's conveyance to them, Flaherty was a squatter on a portion of the premises, without any title whatever, and prayed for an equal partition and division of the land between the McCormicks, and that Flaherty's claim be declared invalid, etc. Defendant McCormick answered, admitting the averments in the bill, and also filed a cross-bill, setting up the same facts and praying the same relief. Flaherty answered the bill and cross-bill, as to the land occupied by him, denying all equities in complainant and cross-complainant, and alleging that he had been in the actual adverse possession of the property, under claim of absolute ownership, for over twenty years. On the hearing, the lower court entered a decree in conformity with the prayer of the bill and cross-bill. On Flaherty's appeal, this court sustained his defence and title as set up in his answer, reversed the decree of the court below, and remanded

the cause for further proceedings, without specific instructions. Cyrus H. McCormick having died after the reversal, Cyrus H. McCormick, Jr., and Nettie Fowler McCormick, devisees and trustees of Cyrus H. McCormick, deceased, together with appellee Leander J. McCormick, filed a petition for a rehearing in the cause, which having been duly considered by this court. was formally overruled on the 15th of September, 1885.

On the 2d of October, 1885, Flaherty served the McCormick's with a written notice, "that on Monday, the 12th day of October, 1885, at 10 A. M., or as soon thereafter as counsel can be heard, he would, before Judge Gardner, file the remanding order of the Supreme Court in the cause, and move the court to redocket.the same." On the 10th, and before the remanding order was filed, the following so-called stipulations entitled in the cause, with the clerk's indorsement thereon, were placed among the files of said cause in the Superior Court :

"The bill of complaint in this case is hereby dismissed by the complainant therein, at his costs, and without prejudice.

William T. Burgess, *Complainant's Solicitor."*

"That the cross-bill of complainant in the above entitled cause is hereby dismissed, without prejudice to the rights of the said cross-complainant, or persons claiming through or under him. John N. Jewett,

*Att'y and Sol'r for estate of Cyrus H. McCormick, dec'd."*

Some exceptions are taken to the manner in which these papers are entitled, but we regard them as rather technical, and without force.

The record, immediately after reciting the filing of these papers, proceeds as follows: "And afterwards,—to-wit, on the 12th day of October, A. D. 1885,—there were filed in the office of the clerk of said court a certain order reversing and remanding, copy of order denying rehearing, motion to redocket, etc., and cross-bill of Patrick Flaherty, which are in the words and figures following, to-wit,"—here the orders re-

34—123 Ill.

versing and denying the petition for a rehearing, Flaherty's motion to redocket, etc., and the cross-bill, are set out *in extenso*, in the order above stated. The motion of Flaherty, omitting the title and signature of counsel, is as follows: "Now comes Patrick Flaherty, one of the defendants to the above entitled cause, and moves the court to redocket the above cause on the order of the Supreme Court reversing and remanding the same, and files his cross-bill herein, and further moves the court for a rule on Leander J. McCormick, Cyrus H. McCormick, Jr., and Nettie McCormick, to answer the said cross-bill by a day to be fixed by the court."

The foregoing matters all appear in the record, in their natural and appropriate order. Following this there then appears a certificate of the judge, dated December 15, 1885, setting out again the so-called stipulations of dismissal of the McCormicks' bill and cross-bill, and then, after reciting the appearance of the parties on the 12th, and the making of a motion by Flaherty's solicitors to redocket the cause, proceeds as follows: "Thereupon, W. T. Burgess, solicitor for said Leander J. McCormick, moved to dismiss the same, in pursuance of the said stipulations, to which the solicitors for said Flaherty objected, and *moved for leave to file a cross-bill on behalf of said Flaherty*, and thereupon the solicitor for said complainant, McCormick, objected to granting such leave. The court thereupon ordered the cause to be redocketed, and the said motions to be placed upon the contested motion calendar for the 19th of October, 1885; and the said solicitors for said Flaherty *insisting upon* his right to file said cross-bill *without leave* of the court, thereupon filed the same, with notice of motion to reinstate, and the certified copies of the orders of the Supreme Court reversing the decree and denying the motion for rehearing." The court subsequently, on its own motion, dismissed Flaherty's cross-bill, and also made an order dismissing the McCormicks' bill and cross-bill *without prejudice*, from which order Flaherty prosecutes this appeal.

Whether the court erred in *simply* dismissing the original and two cross-bills, depends upon whether Flaherty's cross-bill was filed before or after the motion of the McCormicks to dismiss their own bills. That question must be determined from an inspection of the record itself.

The placing of the so-called stipulations among the files on the 10th, however intended, was a fruitless and innocent act, to which· no legal consequences attached. As the cause was not pending in the Superior Court at the time of filing them, nor until after the filing of the remanding order on the 12th, the solicitors might, so far as the rights of the parties are concerned, just as well have placed them in their office desks or side pockets. (*Owens* v. *McKethe,* 5 Gilm. 79; *Keyser* v. *Farr,* 15 Otto, 265; *Simpson* v. *Alexander,* 5 Gilm. 260; *Levi* v. *Karrick,* 15 Iowa, 444; *Austin* v. *Dufour et al.* 110 Ill. 85; *N. B. and W. C. Railroad Co.* v. *P. Y. and C. Railroad Co.* 105 Pa. St. 13.) This, counsel, in effect, concede. They say, in speaking of them in this connection: "They were simply there,—among the files,—ready for use when the proper time arrived." If, therefore, they ever had any vitality, it was not infused into them until after the remanding order had been filed and appellees' solicitors had indicated, by their motion in open court, an intention to use them. It is manifest, from the written motion of Flaherty to redocket the cause, that the making of the motion, and the filing of the remanding order and of the cross-bill, were contemporaneous acts. Even the certificate admits that Flaherty's motion to redocket was before appellees' application to dismiss; yet, strange to say, in the very teeth of that motion, which shows upon its face that Flaherty, in the act of making it, filed the cross-bill without leave, the certificate is then made to say that Flaherty moved for leave to file the cross-bill after appellees had made their motion to dismiss!

It is clear from the record, outside of this certificate, that the filing of Flaherty's cross-bill was anterior to appellees' ap-

plication to dismiss. Indeed, the argument of appellees' counsel in support of the contrary theory is based entirely upon the supposed conclusiveness of the certificate upon the question. In view of the effect which counsel claim must be given to it, we have endeavored to examine the subject with some care. It is to be noted at the outset, that the certificate is peculiar in a number of respects, one or two of which may be mentioned. In the first place, it is found sandwiched, as it were, between orders and motions similar to those referred to in it, which are verified, as a part of the record, by the certificate and seal of the clerk, only. It is not perceived upon what theory or principle it was thought necessary that the judge should embody a part of these motions and orders in a certificate, and not the others. If any of the motions or orders thereon had been omitted by the clerk in making up the record in the case, the proper course would have been to have caused the record, on notice to the other parties, to be amended by adding thereto the omitted motions and orders thereon, in the order in which they occurred, and not to attempt to remedy the matter by a certificate of the judge. All oral motions in a chancery cause should be, and are supposed to be, noted upon the clerk's docket and a minute thereof made by the judge himself, and the motions, together with the orders made thereon, should be duly entered of record by the clerk in making up his orders in the case. By this means they become a matter of record, without the aid of a judge's certificate or bill of exceptions, as is required in a case at law. So where a motion is reduced to writing and filed in the cause, it is then as much a part of the record as anything else in it, and the setting it forth, therefore, in such a certificate, would add nothing to its force or validity. Indeed, the certificate of a judge as to what the motions and orders were in a chancery case, is just as inoperative and as much out of place as a statement in a bill of exceptions of the pleadings and the rulings of the court in respect to them would be in an action at law. Under

our practice, the only certificate we can now recall which a judge is required to make in a chancery cause, is what is known as a "certificate of evidence;" yet the certificate in the present case does not, in our opinion, perform the functions of such a certificate.

There is a diversity as respects bills of exceptions in cases at law and in chancery. Indeed, taking the term "bill of exceptions" in its original and appropriate sense, it is altogether inapplicable to a proceeding in equity, for it is never proper to take exceptions to the rulings of the court in a chancery case, as it would be, under like circumstances, in a case at law. The reason of this is, that all motions and orders in a chancery cause must be entered of record, and, on appeal, these motions and orders, together with the pleadings and all the files in the case, constitute the record upon which the case is reheard. On the hearing before the appellate tribunal, the question is not so much as to whether the lower court ruled properly upon this or that question, as it is in cases at law, but whether, upon the whole record, the decree is right. The sole office or function of a certificate of evidence in chancery causes, as its very name implies, is to truly set forth the evidence offered, rejected, received and considered on the hearing, and any attempt to make it subserve some other purpose is without warrant of law. On the other hand, while a bill of exceptions in an action at law usually performs the same office, yet its chief function, as its name implies, is to preserve exceptions to the rulings of the court upon motions, questions of evidence, and the like, and thereby make them a part of the record, which they would otherwise not be. *Rowen* v. *Bowles*, 25 Ill. 113; *Holdridge* v. *Bailey*, 4 Scam. 125; *Binkert* v. *Wabash Railway Co.* 98 Ill. 205; *Bressler* v. *McCune*, 56 id. 476; *Ferris* v. *McClure*, 40 id. 99; *Brooks et al.* v. *Morton et al.* 64 id. 389; *Smith* v. *Newland*, 40 id. 101.

There is some diversity of statement in the opinions of this court, as well as in others, as to just what will and what will

not be treated as evidence in a chancery cause when being reviewed. This, however, it will be found, has resulted largely from the different circumstances under which these statements have been made. But this is a matter of no special concern in the present discussion. The important question here is, what is the proper office or function of a certificate of evidence in a chancery cause? Upon this subject we have already sufficiently expressed our views, and nothing need be added, further than to repeat, by way of emphasis, that it is no part of its office or function to preserve the motions and orders in a chancery cause for purposes of review by an appellate tribunal. It results from this conclusion, as already intimated, that the certificate in this case is inoperative and void.

But outside of this, we think the order of dismissal was erroneous. Assuming, for the purposes of the argument, that the motion to dismiss was made before the cross-bill of Flaherty was filed,—the decree having been reversed, and therefore no longer of any force or effect,—the appellees clearly had the right to dismiss their bill at their own costs. But the question is, did they have the right to have it dismissed, as it was, *without prejudice?* After publication, an order of this kind is never granted as a matter of course. There should always be some special reasons for granting it after the cause has progressed to that stage. *Byrne* v. *Frere,* 2 Malloy, 157; *Ogsbury* v. *La Forge,* 2 N. Y. 114.

Speaking of orders or directions of this kind, Daniell, in his work on Chancery Practice, (vol. 2, star page 1200,) says: "Directions of this sort are inserted where the dismissal is occasioned by any slip or mistake in the pleadings or the proof." There is not a single element in the present case of the character suggested by this author. On the contrary, here there had been not only a publication of the proofs, but there had been a hearing and decree upon the merits, a reversal of that decree, and an opinion by this court sustaining, in emphatic terms, Flaherty's title, and holding that appellees have

no equities as against him; and yet, in the face of all this, the court, on appellees' application, made an order dismissing their bills without prejudice! This, we hold, was an abuse of the discretion of the court in matters of this kind.

The decree of the court below is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*