Ames v. Stockhoff.

Ada M. P. Ames v. Gerhardt H. Stockhoff et al.

1. CERTIFICATE OF EVIDENCE—*Its Office and Functions.*—The sole office or function of a certificate of evidence in a chancery cause is to truly set forth the evidence offered, rejected, received and considered on the hearing, and any attempt to make it subserve some other purpose is without warrant of law.

2. SAME—*Affidavits Not Attached to and Filed with the Record.*—Affidavits not attached to and filed with the pleadings are not a part of the record in a chancery case unless made so by a certificate of evidence.

3. PRESUMPTIONS—*As to Affidavits in Chancery Cases.*—It can not be presumed, from the fact that an affidavit is among the files in a chancery case, that it was heard by the court in a proceeding before it, in the absence of a certificate of the judge that it was so heard.

4. SAME—*Affidavits in a Motion to Appoint a Receiver.*—Affidavits offered as evidence upon the hearing of a motion to appoint a receiver can only be made a part of the record by a certificate of evidence.

5. EQUITY PRACTICE—*Preserving Evidence to Sustain Decrees.*—It is incumbent upon a party seeking to sustain a decree to preserve the evidence in the record, either by recitals in the decree of the facts proved, or by depositions taken and filed in the case, or by the report of the master containing the evidence taken and heard on the trial and filed in the case.

6. SAME—*Where No Evidence Has Been Preserved.*—If no evidence has been preserved in any of the modes indicated the decree must be reversed.

**In Equity.** Motion to appoint a receiver. Appeal from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding. Heard in this court at the October term, 1897. Reversed. Opinion filed February 14, 1898.

HOWARD AMES, attorney for appellant.

BLUM & BLUM, attorneys for appellants.

An affidavit is no part of the record unless made so by the certificate of evidence or bill of exceptions. Troy v. Reilley, 3 Scam. 259; Farnsworth v. Agnew, 27 Ill. 42; Schlump v. Reidersdorf, 28 Ill. 68.

If the bill of exceptions does not show that it contains all the evidence, the court will presume that there was evidence to support the judgment. Goodrich v. City of Minonk, 62 Ill. 121.

Mr. Justice Windes delivered the opinion of the Court.

Upon an unsworn bill to foreclose a trust deed, and before answer, the Superior Court appointed a receiver in this case, with the usual powers of a receiver in chancery, and by the order directed the receiver not to disturb the present occupants of the premises in question, provided they should pay rent therefor at the rate of $30 per month for a period not extended beyond April 30, 1898, and that from May 1, 1898, the receiver should lease said premises for the best figure that could be obtained for a period not exceeding one year.

From the order appointing the receiver, appellant, who was made defendant by amendment to the bill, has appealed. Appellees have moved to strike from the record certain affidavits, appearing on pages 15 to 32, inclusive, of the record, and to dismiss the appeal. These affidavits purport, according to certain notices in the record, to be counter affidavits, read on motion to appoint a receiver in said cause, and to fix the amount of rent to be paid for the premises in question, but there is no other showing in the record by certificate of evidence or otherwise, that any affidavits or proof had been previously presented to, or that the court ever considered these affidavits in any matter or hearing in the cause. It is contended by appellant that these affidavits, by being filed, became a part of the record, this being a chancery case. It is conceded that, were the case at common law, in order to make them a part of the record, they must be made so by bill of exceptions.

The Supreme Court in Ferris v. McClure, 40 Ill. 99, said where the question was as to whether a master's report was part of the record, without being contained in "a bill of exceptions," in a chancery case, that the bill, answer, replication, proofs taken by deposition, oral evidence taken before the court and reduced to writing, exhibits, the master's report, the orders and decrees of the court, are all parts and parcels of the record.

Also in Smith v. Newland, 40 Ill. 100, it was said, "If a certificate of evidence is taken (made) it need contain only the oral testimony," but this language was used with reference to a deposition on file in the case which was suppressed on the hearing, and the court held that the deposition was a part of the record without being made such by a certificate of evidence.

In Flaherty v. McCormick, 123 Ill. 525, the question being as to whether certain motions and orders in a chancery case were part of the record without being made such by certificate of evidence, the court said: "The sole office or function of a certificate of evidence in chancery causes, as its very name implies, *is to truly set forth the evidence, offered, rejected, received and considered* on the hearing, and any attempt to make it subserve some other purpose is without warrant of law;" and the court held that it was no part of the office or function of a certificate of evidence in a chancery case to preserve the motions and orders for purposes of review by an appellate tribunal. In this case the court also said, in speaking of whether it was necessary to preserve exceptions to the rulings of the court in a chancery case: "All motions and orders in a chancery case must be entered of record, and on appeal these motions and orders, together with the pleadings and all the files in the case, constitute the record upon which the case is reheard." But it will be observed

that in none of these cases was the question at bar before the court.

In Van Pelt v. Dunford, 58 Ill. 146, the Supreme Court held that affidavits in support of a motion for a new hearing in a proceeding to enforce a mechanic's lien, were not a part of the record unless made so by a certificate of evidence, and that in the absence of a certificate of evidence, the court would not "presume, from the mere fact that the affidavits were found among the files of the cause, that the same were read to the court."

In Bressler v. McCune, 56 Ill. 481, it was held that depositions regularly taken and filed in a chancery case, and exhibits made a part of the bill and filed therewith, are part of the record without any certificate of the judge, and that *ex parte* affidavits read on a motion to dissolve an injunction "can not be read as evidence on a final hearing, except by consent of the parties, which should appear from the certificate of the judge who heard the cause." The affidavits were made a part of the record in this case by certificate of evidence.

In Brockenbrough v. Dresser, 67 Ill. 225, it was held that certified copies of attachments, judgments and executions, copied in the record, and the record, certified by the clerk to contain a "correct copy of all the papers on file, all of the orders of the court and records used in evidence," were not a part of the record in the absence of a certificate of evidence by the court, and of any statement of the facts proven in the decree—that the certificate of the clerk was of no avail.

See, also, McIntosh v. Saunders, 68 Ill. 129.

We therefore think that it was not intended by the Supreme Court that any general expressions, such as were used in the Newland and McCormick cases, *supra*, should be construed as holding that affidavits not at-

Ames v. Stockhoff.

tached to and filed with the pleadings, are a part of the record in a chancery case, unless made so by a certificate of evidence.

It can not be presumed, from the fact that an affidavit is among the files of a chancery case, that it was heard by the court in a proceeding before it, in the absence of a certificate of the judge that it was so heard. As said in the McCormick case, *supra*, the sole function of a certificate of evidence "is to truly set forth the evidence offered, rejected, received and considered on the hearing." If the affidavits in question were offered as evidence on the hearing of the motion to appoint a receiver, they can only become a part of the record by a certificate of evidence. In no other way can it be determined by this court, whether they were heard or considered by the chancellor. The affidavits in question are therefore stricken from the record, but it does not follow that the appeal should be dismissed. This leaves in the record only the summons and return thereon, the unsworn bill with exhibits attached, purporting to be copies of certain notes and a trust deed securing the same on the premises in question, certain notices and the orders of the court allowing amendments to the bill and appointing the receiver, as above stated, a demurrer to the bill by appellant and others, and the appeal bond, reciting an appeal from the order appointing the receiver. There must be evidence in the record to support the order of the court in appointing a receiver, and it is incumbent on the party seeking to sustain the decree to preserve the evidence in the record, either by recitals in the decree of the facts proved, or by depositions duly taken and filed in the case, or by report of a master in chancery, including the evidence taken and heard on the trial and filed in the case, or by bill of exceptions or certificate of evidence (as it is called

in a chancery case), reciting the evidence given on the hearing, filed in the case, and thus made a part of the record. If no evidence had been preserved sustaining the decree in any of the modes indicated, it must be reversed. Baird v. Powers, 131 Ill. 67, and cases cited; Ryan v. Sanford, 133 Ill. 298, and cases cited; Jackson v. Sackett, 146 Ill. 655, and cases cited.

This rule applies to the appointment of a receiver. Baker v. Backus, 32 Ill. 115; High on Receivers, Secs. 105-107.

There is no showing by the record, nor by recital in the order of facts proven or otherwise, that there is any danger to appellees whatever of loss or damage in case a receiver should not be appointed, nor in fact any equitable ground justifying the appointment of a receiver, beyond the unsworn allegation of the bill that the property is meagre and scant security for appellees' claim, which in insufficient.

The claim by appellees that the trust deed has a provision which authorizes the appointment of a receiver, is unsupported by the record. We can find no such provision, and even if the purported copy attached to the bill had such a provision as we have said, there is no proof in the record from which we can say there is in fact such a trust deed in existence.

The motion to dismiss the appeal is denied, and the order appointing a receiver is reversed.