## Charles W. Colehour v. Edward Roby et al.

1. CERTIFICATE OF EVIDENCE—*Functions of.*—The sole office or function of a certificate of evidence in chancery causes, is to truly set forth the evidence offered, rejected, received and considered on the hearing, and any attempt to make it subserve some other purpose is without warrant of law.

2. CHANCERY PRACTICE—*Preserving a Motion and Order Thereon.*—The method of preserving a motion and order thereon in a chancery cause by setting forth in a certificate of the judge, entitled a certificate of evidence, that the court overruled and denied the prayer of plaintiff in error for an appeal, is wholly inoperative. It is no part of the office or function of a certificate of evidence to preserve motions and orders in a chancery cause for purposes of review by an appellate court.

3. SAME—*Acceptance of Bids for the Purchase of Land in Discretion of the Chancellor.*—In matters such as accepting bids for the purchase of land, the chancellor has a broad discretion.

**Bill to Set Aside Sale of Real Estate.**—Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed May 4, 1900.

FRANK P. BLAIR, attorney for plaintiff in error.

GARNETT & GARNETT and JAMES E. MUNROE, attorneys for Title Guarantee and Trust Co., one of the defendants in error.

Mr. JUSTICE SHEPARD delivered the opinion of the court.

Plaintiff in error expressly limits himself in his brief to two points.

The first one is based upon his fifth assignment of error,

that the Circuit Court erred in denying his prayer for an appeal.

It appears that on November 1, 1898, a decree was entered in the cause, ordering, among other things, that a certain 132 acres of land be sold by the receiver to a named bidder therefor at a specified price, unless on or before February 1, 1899, some other good and responsible purchaser should be found who would pay the receiver a greater sum.

It is made to appear by an order in the cause, entered February 3, 1899, that on February 1, 1899, the day limited as above, one Cooke, by attorneys, presented to the court his written offer for said land of a sum about $13,000 greater than the original bid, and that after continuances of the matter of said increased offer from time to time and the hearing of evidence produced respecting said offer, the court found that Cooke was unable to make the cash payment referred to in his offer, and that he was not a good and responsible purchaser within the meaning of said decree of November 1st.

It was thereupon ordered that Cooke's offer be rejected and that the receiver convey the premises to the original bidder.

Assuming that this order of February 3, 1899, was appealable, the record of the cause does not show that any appeal from it was prayed.

The record does show the taking of an exception to the order—a totally useless act—and that thirty days were given within which to prepare and present a certificate of evidence, but shows nothing further in the direction of an appeal.

Accompanying the record is a certificate of the judge, entitled a "certificate of evidence," setting forth *inter alia* that the court overruled and denied the prayer of plaintiff in error for an appeal " from said decree of November 1, 1898, and said order February 3, 1899."

Such a method of preserving a motion and order thereon in a chancery cause is wholly inoperative. Flaherty v. McCormick, 123 Ill. 525; Ames v. Stockhoff, 73 Ill. App. 427.

It is said in the Flaherty case, *supra :*

" The sole office or function of a certificate of evidence in chancery causes, as its very name implies, is to truly set forth the evidence offered, rejected, received and considered on the hearing, and any attempt to make it subserve some other purpose is without warrant of law; * * * it is no part of its office or function to preserve the motions and orders in a chancery cause for purposes of review by an appellate tribunal."

It only appearing by the so-called certificate of evidence that an appeal, from either decree or order, was denied, the assignment of error in such respect is not available for review.

The second point attacks the rejection of Cooke's bid. The original bid was about $136,000. Cooke's offer increased that sum to about $150,000. Without detailing the evidence upon which the court acted, we think after a consideration of it all, that there was no such showing made of Cooke's ability to perform his offer as would have warranted the court in throwing aside the earlier bid and substituting his. In all such matters the chancellor has a broad discretion (Quigley v. Breckenridge, 180 Ill. 627, Sowards v. Pritchett, 37 Ill. 518), and, quite clearly, there was no abuse of discretion committed in this instance. The order of the Circuit Court is affirmed.