Wittmann v. Wittmann.

## John A. Wittmann v. Mary Wittmann.

1. EVIDENCE—*Proper Foundation to be Laid Before Memorandum May Be Used to Refresh Witness' Memory.*—Where a witness offers to read a report or memorandum and it does not appear that he could not or did not remember the facts except by referring to the notes, or that he had written the notes, or that the matters therein set forth were true, or that he had no recollection of them or what particular person had written them, or under what circumstances they had been written, except that the witness said "they were taken at that time," it is error to permit the witness to read such report.

2. CHANCERY PRACTICE—*Not Proper to Take Exceptions to Rulings of the Court.*—Chancery practice does not require that exceptions be taken to the rulings of the court.

**Bill for Separate Maintenance.**—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding, Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed October 30, 1903.

RUDOLPH D. HUSZAGH, attorney for appellant.

CHARLES A. CHURAN, attorney for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

This case was heard upon appellee's bill for separate maintenance and a cross-bill charging her with adultery. The court dismissed the original bill for want of equity, found for appellant upon the cross-bill, entered a decree of divorce for the wife's adultery, and ordered him to pay her permanent alimony at the rate of $5 a week. From this order the husband appeals; the wife assigns cross-errors, questioning the action of the court in dismissing her bill, sustaining the cross-bill, and in receiving certain evidence.

The parties were married March 14, 1898, and lived together with short interruptions until February 6, 1901. The principal witness to prove the charge of adultery was one Harry H. Miller, who had been employed by appellant, after his wife had left him, to " watch her and see what she was doing." After testifying that he commenced his work on the tenth of August, 1901, and that there was nothing to report for that day, the witness said : " I suppose you will let me refer to notes that were taken at that time." The court then put some questions to him not relating to the notes and after he had answered them said : " Now go on and read your report." Counsel objected, giving as a reason that no foundation had been laid " as to when it was written or anything else." The court overruled the objection and the witness read his report, which tended strongly to sustain the adultery charge, and, if true, showed the commission by appellee of several acts of adultery. It did not appear that the witness could not or did not remem-

ber them except by referring to the notes, or that he had written the notes or that the matters therein set forth were true, or that he had no recollection of them or what particular person had written them, or under what circumstances they had been written, except that the witness said "they were taken at that time." Under these circumstances it was error to permit the witness to read his report. In substance and effect the report itself was received in evidence without any legal warrant therefor. 1 Greenleaf on Ev. (13th Ed.), Secs. 436 and 437; R. R. Co. v. Adler, 56 Ill. 348; Lawrence v. Stiles, 16 Ill. App. 500, 502; Hayden v. Hoxie, 27 Ill. App. 534; 8 Encycl. Pl. & Pr. 135.) We can not agree with counsel that the only objection urged against the reading of the report was that it did not appear when it was written. The objection was (not in terms, but in effect) that no foundation had been laid for it. And chancery practice did not require that the objection should be followed up by an exception to the court's ruling. Flaherty v. McCormick, 123 Ill. 525, 533; Smith v. Newland, 40 Ill. 101.

Excluding the testimony of the witness Miller, there is not, in the face of the complete denial by appellee, sufficient proof in this record to show her alleged infidelity. The result we have reached renders it unnecessary to pass upon the error assigned by appellant in respect of the order for payment of alimony.

In support of her bill for separate maintenance, appellee introduced proof of divers acts of cruelty committed upon her by appellant, all of which were denied by him excepting one, and this he attempted to justify. He admits, however, that believing her to have been unfaithful to him he refused to live with her any longer, and ordered her to leave his house, which she did under compulsion. The record does not show that his suspicions were supported by the facts of the case; and so far as we can see, she lived apart from him without any fault of hers. Quite likely the learned chancellor, finding her, as he did, guilty of adultery, was constrained to dismiss her bill for the reason that

the mere fact of such guilt would disable her from maintaining it.

The decree of the court is reversed, and the cause remanded for further proceedings, the costs to be taxed against appellant.

Mr. Justice BAKER took no part in the decision of this case.