Stein v. Kendall.

v.

Martha H. Kendall.

1. Bill of exceptions—When to be filed—Presumption.—It will be presumed that the judge would not have signed a bill of exceptions unless it was presented to him in proper time, and whatever delay may have intervened after it was signed and before it was filed, will be presumed to have been occasioned by the pressure of other engagements on the part of the judge, or his failure to deliver it to appellant for filing, and not by any neglect of the appellant. The burden of establishing such neglect, if any exists, is on appellee.

2. Signing in vacation.—It is immaterial whether, at the time the order to file the bill *nunc pro tunc* was made, the court was in session or not; the presumption is that it was presented to the circuit judge within the thirty days, and that for reasons for which he alone is responsible, it was not actually filed until after the thirty days had expired.

Appeal from the Circuit Court of Cook county; the Hon. W. K. McAllister, Judge, presiding.

Mr. Philip Stein, *pro se.*

Mr. A. C. Story, for Appellee.

Bailey, J. In this case, appellee moves to strike from the record the bill of exceptions, on the ground that it was not *filed* within the time prescribed by the court below for that purpose. It appears that the judgment was rendered in the Circuit Court, on the 20th day of October, 1877, and that appel-

lant was allowed thirty days from that day to file his bill of exceptions. The bill of exceptions purports to have been signed and sealed by the Circuit Judge, on the 7th of November, which was within the thirty days, but was not actually filed with the clerk of the court below until November 26th, which was seven days after the expiration of said thirty days.

When filed, it appears to have been accompanied by a written order of the Circuit Judge, directing the clerk to file it *nunc pro tunc*, as of November 7th, and it was so filed. We are furnished with a certificate of the Circuit Clerk, that from October 20th down to a date considerably later than November 26th, the Circuit Judge, who rendered the judgment and signed the bill of exceptions, held no session of his branch of the Circuit Court.

It should be observed that there is no proof before us, fixing the date at which the bill of exceptions was presented to the Circuit Judge, or tending to explain the delay in filing it after the day it purports to have been signed. The Circuit Judge having, upon his official responsibility, signed the bill of exceptions, under date of November 7th, and ordered it to be filed as of that day, in the absence of proof explaining the delay, every presumption and intendment will be indulged in to support it. We must presume that the judge would not have signed it unless it was presented to him in proper time, and whatever delay may have intervened after it was signed, and before it was filed, will be presumed to have been occasioned by the pressure of other engagements on the part of the judge, or by his failure to deliver it to appellant for filing, and not by any neglect on the part of appellant. The burden of establishing such neglect, if any exists, is on the appellee.

As we view the rules of practice, then, we do not consider it material whether, at the time the order to file the bill of exceptions *nunc pro tunc* was made, the court below was in session or not, nor whether such order was, or was not, valid, as an order of court. Nor do we consider it material, as the proof before us now stands, whether the 7th or 26th of November is to be regarded as the true date of filing the bill of exceptions. The presumption is, that it was presented to the

Circuit Judge within the thirty days, and that for reasons for which the Circuit Judge alone was responsible, it was not actually filed until after the thirty days had expired.

The motion to strike the bill of exceptions from the record will be overruled.