THE PEOPLE *ex rel.* City of Gilman

*v.*

FRANKLIN BLADES.

*Filed at Ottawa November 20, 1882.*

1.  BILL OF EXCEPTIONS—*refusal to sign because of non-compliance with rule of court.* Where a standing rule of the trial court required the party obtaining an extension of the time for preparing a bill of exceptions to a day in vacation, to give the adverse party five days' notice of the time and place of presenting the bill to the judge, and at the same time leave with the opposite party a copy of the bill, or allow him to take and retain the original draft four days for examination, unless waived this court will not compel the judge to sign the bill of exceptions presented to him without a compliance with the rule, and such rule is the exercise of a reasonable discretion in the conditions imposed for the extension of time.

2.  The court might, by an order of record, have rescinded or modified its rule in relation to giving notice to attorneys and leaving a copy of the bill of exceptions with them; but until such an order is entered of record the rule must stand, and any order giving time within which to prepare and file a bill of exceptions, must be construed with reference to the rule, unless it affirmatively appears the rule is thereby modified or rescinded.

This was an application on behalf of the city of Gilman, against Franklin Blades, to compel him, as judge of the circuit court, to sign a bill of exceptions prepared in an action wherein Margaret Haley was plaintiff, and the city of Gilman defendant, tried before him in the circuit court of Iroquois county. The material facts appear in the opinion of the court.

Messrs. DOYLE & MORRIS, and Mr. T. B. HARRIS, for the relator.

Messrs. KAY & EUANS, for the respondent.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an application for a *mandamus* to compel the respondent to sign a bill of exceptions. At the November term, 1881, of the Iroquois circuit court, an action at law, wherein Margaret Haley was plaintiff, and the city of Gilman was defendant, was tried, resulting in a verdict and judgment for the plaintiff. The defendant prayed an appeal to the Appellate Court for the Second District, which was allowed, and time was given by the court to file a bill of exceptions during the term. During the same term, but near its close, being on the 30th of November, 1881, no bill of exceptions having been presented, application was made to the court, on behalf of the city of Gilman, for an extension of time within which to file a bill of exceptions, which motion the court allowed, and ordered that time be extended within which to file a bill of exceptions until a day named in vacation, (the 1st of January, 1882,) upon condition that the testimony taken by the short-hand reporter should be embodied in such bill of exceptions. At that time there was in full force a rule of practice of said court, as follows:

"RULE No. 7.—*Deposition, bills of exceptions.*—Upon the first day of the term of court the clerk will open all depositions on file, and thereafter such as may be filed during the term. In case the court shall, in any case, extend the time for preparing and presenting for signature a bill of exceptions to a day in vacation, on or before which such bill of exceptions may be presented for the signature of the judge, it shall be the duty of the party preparing such bill to give the opposite party five days' notice of the time and place of presenting such bill of exceptions, and shall at the same time

leave with the opposite party a copy of the proposed bill of exceptions, or shall allow the opposite party to take the original draft of such bill, and retain the same for four days for examination; and no bill of exceptions shall be signed in vacation without satisfactory proof of such service of notice and copy, unless the opposite party shall waive, in writing, such notice and copy, or of leaving the original with the opposite party, as aforesaid."

On the 27th of December, 1881, the attorneys for the city of Gilman served a written notice upon the attorneys for Margaret Haley, that a bill of exceptions in said case would be presented to respondent for his signature, at his chambers, on the 31st of December, 1881, and, at the time designated in the notice, a bill of exceptions in the case was presented to respondent for his signature; but, upon objection being urged by the attorneys of Margaret Haley that it had not, nor had any copy thereof, been presented to and left with them as counsel for said Hargaret Haley, five days, for examination, previous to such presentation, and, also, that five days' previous notice of such presentation had not been served upon them, the court refused to sign said bill of exceptions, or to make any examination thereof, and then indorsed thereon the following:

"Presented this 31st December, 1881, and I do refuse to sign the same, because, upon objection, notice has not been given in compliance with rule No. 7 of the circuit court.

FRANKLIN BLADES, *Judge.*"

At the same time the counsel for the city of Gilman presented respondent with the affidavit of F. P. Morris, stating that he was unable to procure the short-hand report of the testimony before the 28th of December, 1881, on account of the ill-health of the reporter, but respondent still refused to sign or examine the bill of exceptions.

Undoubtedly the court might, by an order of record, have rescinded or modified its rule in relation to giving notice to

38—104 ILL.

attorneys, and leaving copy of bill of exceptions with them; but until such an order is entered of record, the rule must stand, and any order giving time within which to prepare and file bills of exceptions must be construed with reference to that rule, unless it affirmatively appears the rule is thereby rescinded or modified. It does not appear here that the court intended to rescind or modify the rule. No reference whatever is made to it, and the fair construction therefore is, that the order was to be executed in the manner prescribed by the rule. This worked no hardship upon the relator. The court was not compelled to extend the time at all within which to prepare and file a bill of exceptions, least of all to do so to a remote day in vacation. It was purely discretionary with the court to enter such an order or not. Necessarily, therefore, in the exercise of that discretion, no one has a right to object to the terms and conditions here imposed. The party's condition is no worse than it would have been had the sickness of the reporter, and hence the inability to procure a transcription of his notes, extended beyond January 1, 1882. Any remedy he might have had in that case, and none other, he has had in this.

We do not regard it a subject for us to inquire into, whether it would be equitable or inequitable to disregard the rule under the circumstances here shown. There must be a limit to the time within which to present bills of exceptions for the signatures of judges, and it is most reasonable that opposite counsel should have previous opportunity to examine the bill. It can not be said the judge abused his discretion in enforcing the rule of his court.

*Mandamus denied.*