# ERNEST TREISHEL
## v.
# DAVID McGILL.

*Practice—Rules of Court—Bill of Exceptions—Motion to Strike from Record.*

1. Rules of court entered of record become the law of procedure in matters to which they relate until they are rescinded or modified by order of court entered of record. Such rescission or modification can not be made by a judge in vacation.

2. Where the time in which to prepare and present a bill of exceptions, by order of the trial court entered of record, is extended to a day in vacation, under a rule of court providing that in such case the party preparing the bill shall give the opposite party a certain time within which to examine the original or a copy thereof, it is error on the part of the trial judge to sign the same until the full time has been accorded for such examination.

[Opinion filed June 22, 1888.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. KAY & EUANS, for appellant.

Messrs. R. W. HILSCHER and T. B. HARRIS, for appellee.

*Per Curiam.* A motion was filed in this case by the appellee to strike the bill of exceptions filed herein from the record, and the causes assigned therefor are, first, that no bill of exceptions or copy thereof was served upon or left with appellee or his attorneys five days before the time of the presentation thereof to the trial judge for his signature, under "Rule 7" of the rules of practice, then in force in said trial court; and second, there was no waiver of such notice and copy, or of leaving the original bill with appellee or his attorneys, as required by said "Rule 7."

The facts, so far as deemed necessary for determination of the questions presented, appear by stipulation of counsel

Treishel v. McGill.

for the respective parties and filed in this cause, and in effect are as follows: That the time within which to prepare and present a bill of exceptions in this cause was, by the order of the trial court entered of record, extended to a day in vacation, and the time within which to present the same for allowance and signature of the trial judge under such order, expired January 31, 1888. That "Rule 7" of the rules of practice of the eleventh judicial circuit of this State was, at the time the judgment and order for said appeal were made, and still is, in full force and effect in the said county of Iroquois; that so much of said "Rule 7" as is deemed material to the case at bar, is as follows:

"In case the court shall in any case extend the time for preparing and presenting for signature a bill of exceptions to a day in vacation, on or before which such bill of exceptions may be presented for the signature of the judge, it shall be the duty of the party preparing such bill to give the opposite party five days notice of the time and place of presenting such bill of exceptions, and he shall at the same time leave with the opposite party a copy of the proposed bill of exceptions, or shall allow the opposite party to take the original draft of such bill and retain the same for four days for examination, and no bill of exceptions shall be signed in vacation without satisfactory proof of such service of notice and copy, unless the opposite party shall waive, in writing, such notice and copy, or of leaving the original with the opposite party as aforesaid."

That on the evening of the 26th of January, 1888, a written notice of the time and place of presenting a bill of exceptions in said cause, was served by delivering a copy thereof to the defendant, appellee. That no bill of exceptions or copy thereof was left with such notice, and on the 28th of January, 1888, a copy of such notice was served on the attorney of appellee, stating the intended time and place of the presentation of said bill of exceptions to the trial judge for signature, and at the same time last above stated was left with said attorney for appellee the original bill of exceptions, and the same was allowed to remain with said attorney until the morning of January 31, 1888, at which time the attorneys for both appel-

lant and appellee appeared before the judge who tried said cause, and attorney for appellant presented the said bill of exceptions to said judge for allowance and signature.

The evidence on the trial of said cause was taken in short-hand by the official court reporter; no application was made to said reporter by appellant to transcribe said testimony until the evening of January 21, 1888, and owing to the intoxicated condition of the reporter the appellant was unable to obtain a transcript of such testimony and complete his bill of exceptions until the 28th day of January, 1888, and but for such condition of the reporter the testimony could and would have been obtained, and said bill of exceptions completed and delivered, or a copy thereof, to attorneys of appellee, on the 26th day of January, 1888, and in time to comply with the "Rule 7" of said court above set forth.

At the time of presenting said bill of exceptions to the trial judge, as before stated, the foregoing facts were made to appear, and attorney for appellee objected to the allowance or signing thereof for the causes assigned in his motion, filed in this cause, but the same was overruled and the bill of exceptions signed and sealed by the trial judge, and the same was filed in this court as part of the record in this cause. Under the facts as stated, ought the motion of appellee to prevail?

In The People v. Blades, 104 Ill. 591, it was held, where a standing rule of the "trial court required the party obtaining an extension of time for preparing a bill of exceptions to a day in vacation to give the adverse party five days notice of the time and place of presenting the bill to the trial judge, and at the same time leave with the opposite party a copy of the bill, or allow him (the opposite party) to take and retain the original draft four days for examination, unless rescinded or modified and entered of record, the rule must stand, and any order giving time within which to prepare and file bills of exceptions must be construed with reference to such rule." In that case the court say it was purely discretionary with the trial court to enter such order or not; necessarily, therefore, in the exercise of that discretion no one had a right to object to the terms and conditions imposed.

" The parties' condition is no worse than it would have been had the sickness of the reporter occurred, and from that cause the inability to procure a transcript of his notes until beyond the time set for signing the bill of exceptions. We do not regard it as a subject for us to inquire into whether it would be equitable or inequitable to disregard the rule under the circumstances shown. There must be a limit to the time within which to present bills of exceptions for signatures of judges, and it is most reasonable that opposite counsel should have previous opportunity to examine the bill."

In Hake v. Strubel, 121 Ill. 321, the bill of exceptions appearing in the record was not presented to the trial judge nor signed nor sealed by him within the time named in the order granting the appeal. Upon the record being taken to the Appellate Court for the Fourth District, on motion of appellee the bill of exceptions was there stricken from the record and the judgment of the Circuit Court affirmed. On petition of appellant the cause was, by the Appellate Court, certified to the Supreme Court, and the question there submitted was whether a circuit judge, in vacation, under the facts of that case, had the power to extend the time for presenting and filing such bill of exceptions beyond the time fixed by the court when granting the appeal, and still make such bill a part of the record. It was there held, after a careful examination, "that after the time for presenting the bill fixed in the order of appeal had expired, the trial judge was powerless to act in the premises, and that he could not be vested with requisite power to settle and allow a bill of exceptions by the consent or agreement of the parties, and the judgment of the Appellate Court was affirmed."

In The People ex rel. v. Kirk Hawes, 25 Ill. App. 326, which was a proceeding by *mandamus* to compel the respondent, one of the judges of the Superior Court of Cook County, to sign and seal a bill of exceptions, the Appellate Court of the First District, speaking of the power of a circuit judge in vacation to extend the time for presenting and filing a bill of exceptions beyond the time fixed by the court at the term in which judgment was entered and still make such bill of ex-

ceptions a part of the record, say: "It can not be and never has
been pretended, so far as we know, that a judge in vacation, in
the absence of express statutory authority, can interfere with
or change the record of the court over which he presides.
When the performance of particular duties in vacation are in
conformity with recognized rules of practice committed to
him, he may perform these duties according to and within the
terms of the order, but he can not modify or enlarge the order,
and thereby extend his power. The entry of orders in
judicial proceedings are judicial acts and must be performed by
the court and not by a judge in vacation. The order allow-
ing the appeal fixing the amount of the bond and the time
within which the bond and bill of exceptions in the cause
shall be presented and filed, are judicial acts which can only
be performed by the judge in term time and when sitting as
a court; it follows of necessity, then, that the act of changing
such order by entering another order extending the time in
which the bill of exceptions might be presented should and
must be of the same judicial character, an exercise of judicial
power and could not be performed by a judge except in term
time."

By the 74th section of Chap. 37, title, "Courts," it is provided
that said courts (Circuit and Superior) may from time to time
make all such rules for the orderly disposition of business
before them as may be deemed expedient, consistent with law.

It will be observed that such rules are required to be made
by the *courts* and not by the judges in vacation, and as we
have seen, both upon principle and authority, when such rules
are entered of record in such courts the same become the law
of procedure therein, in matters to which the same relate, until
rescinded or modified, and entered of record in such court, and
that such rescission or modification could not be made by a
judge in vacation.

The rule in question being the law of the court, the order
granting time to sign the bill of exceptions in vacation must
be regarded as made with reference to the rule of court, and
the rule taken as a part of the order. The judge would have
no discretion or power in vacation to depart from the term of

the order or rule. Hence the signing of the bill of exceptions without compliance with the rule was an act of the judge without legal authority. The cases cited above, we think, clearly establish that doctrine.

The motion of appellee is allowed and the said bill of exceptions will be stricken from the record.