Jonas Spraker v. F. B. Ennis, B. F. Kimlin, James B. Sheapley, John W. Greenwell, Milton Shawver, Henry Hedges, A. H. Ryan, Eli McDaniel, Parthena Sheapley, James Kimlin, B. F. Kimlin, Executor of the Estate of William Kimlin, Deceased, and Walter Bartlett.

1. PRACTICE—*On Demurrer Sustained.*—Where a party fails to abide by his demurrer, but answers over and has a trial upon the merits, he is not in a position to raise in the Appellate Court any questions raised by his demurrer in the court below.

2. APPELLATE COURT PRACTICE—*Misjoinder.*—The question of misjoinder of parties can not be raised for the first time in the Appellate Court.

3. JURISDICTION—*When Presumed—Defective Service.*—When the return of the officer as made upon the only summons appearing in the transcript is defective, but the decree recites that the court had jurisdiction of the defendants, and as the court continued the case from term to term, and the certificate of the clerk shows that files which should appear in the record are missing, the presumption obtains that the court

acted upon other process and service than that which appears in the transcript.

4. DECREES—*Presumptions in Favor of Lost Evidence.*—When it appears from the certificate of the officer making up a transcript for the Appellate Court that there was evidence taken and preserved which was subsequently lost from the files, the court will not reverse the decree because of insufficient evidence to support it.

5. PRACTICE—*Restoration of Lost Evidence.*—To place a party in a position to urge that the decree is not supported by the evidence where it appears from the transcript that some of the evidence heard in the court below is missing, he should have taken steps to restore the missing evidence before bringing the record to the Appellate Court for review.

**Bill to Wind up the Affairs of a Corporation.**—Trial in the Circuit Court of Clark County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Decree for complainants. Error by defendants. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898. Rehearing denied November 29, 1898.

This is a suit in equity to wind up the affairs of the Farmers' Mercantile Association, a defunct corporation which began business at Martinsville, Clark county, Ill., in April, 1876. The bill was filed by directors and others interested.

After a demurrer to the bill had been overruled and answers filed, the cause was referred to the master in chancery for proofs and findings. The master's report of proofs and findings was excepted to, but the court approved it and rendered a decree in favor of the complainants.

While the evidence heard by the master is not contained in the record before us, the facts recited in the decree show that the Farmers' Mercantile Association was incorporated in 1876, with an authorized capital stock of $1,500, of which $1,300 was subscribed and paid for; that the capital stock was subsequently increased $4,500, of which $1,200 was paid for, making a paid-up capital of $2,500; and $340 of stock was subscribed for by parties that had not paid for the same; that the corporation became insolvent soon after its organization and so continued until its suspension in 1888, at which time its liabilities exceeded $16,000, while its available assets were less than $2,000. Dividends were declared and paid to stockholders with money borrowed for that purpose, which the court declared were unlawfully paid.

The court decreed that the parties who had subscribed for stock and had not paid for the same should pay to Walter Bartlett, receiver; that the receiver recover from the directors and managers who had received dividends the amounts received by them respectively (naming the amounts from each); that he recover from other stockholders the amounts of dividends received by them within five years before filing the bill (naming the amount from each); that he collect all sums due the corporation on notes and accounts; that from moneys collected he first pay, after the costs, the amounts found due some ten or twelve creditors who had been in no wise connected with the corporation as directors, managers or stockholders, then pay to one B. F. Kimlin, a stockholding creditor, who had been neither a director nor manager, the amount due him, $143.38, and report the balance to abide the further direction of the court.

The question of adjustment and contribution between those who had acted as managers and directors and assented to the creation of indebtedness in excess of capital stock was reserved for further determination.

This decree was rendered at the October term, 1890, and the cause was continued from term to term, with various orders as to reports of collection by receiver, etc., until the April term, 1896, when, it appearing that all preferred creditors had been paid and that there remained unpaid certain debts to persons who had acted as directors, the court rendered a decree requiring all who had acted as managers and directors to contribute equally to a fund to pay off the remaining debts. The order was entered against twelve such persons, plaintiff in error being one of them, and the amount each was required to pay was $621.76. It was ordered that the receiver, after collecting the amounts so due from the persons named, pay to the executor of B. F. Kimlin, a former director, $1,875.28; to John F. Stone, $92.49; to F. B. Ennis, $4,704.50, and to Milton Shawner, $1,210.65, all directors.

Between the times of entering the first decree and this one, Samuel Blankenbeker, one of the directors, had died,

and the cause was continued for service upon the administrator of his estate. At the next term a decree was rendered requiring the administrator to pay the sum of $621.76 in due course of administration.

WHITEHEAD & FIX, attorneys for plaintiff in error.

ROBERT E. HAMILL, attorney for defendants in error; THOMAS J. GOLDEN and GRAHAM & TIBBS, of counsel.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

The record in this case comes to us in a very confused and disjointed condition. In seeking a reversal of the decree a multitude of alleged errors are urged upon our consideration. The numerous points raised by the demurrer to the bill will not be noticed in this opinion, although they have been argued *in extenso*, for the reason that plaintiff in error did not stand by his demurrer, but answered and had a trial upon the merits. The claim of misjoinder will not be noticed for the reason that it can not avail at this stage of the proceedings.

A leading contention made by the plaintiff in error is that the Circuit Court did not have jurisdiction of the Farmers' Mercantile Association. There can be no question that the return of the officer as made upon the only summons that appears in the transcript is defective. But the decrees of October, 1890, and April, 1896, recite that the court had jurisdiction of the defendants, and as the court continued the case from term to term and the certificate of the circuit clerk shows that files which should appear in the record are missing, we think the presumption should obtain that the court acted upon other process and service than that which appears in the transcript. Turner v. Jenkins, 79 Ill. 228; Hemmer v. Wolfer, 124 Ill. 435.

We do not regard the matter as very important, either, for the reason that the concern was defunct and every officer upon whom service could have been had as service

upon the association as a going concern was individually before the court as complainant or defendant.

Much is said about the injustice to the plaintiff in error of the decree of October, 1890, and the improper findings, therein contained, and the decree, of April, 1896, wherein he was compelled to contribute $621.76 toward the payment of unsatisfied claims held by former directors. He was compelled to contribute that sum because of his wrongful and fraudulent acts as director. It is claimed that the decree in that respect is wrong because there was no finding as to the length of time served by the different officers and no finding as to the individual acts of the officers in creating the indebtedness. It would seem that such finding in the decree would be necessary unless there was evidence preserved in the record upon which to base the order of contribution. The great obstacle in the way of plaintiff in error on that contention, however, lies in the fact that there was evidence reported by the master and preserved in the record which was subsequently lost or abstracted from the files of the case as appears from the certificate of the clerk of the Circuit Court. It must be presumed that there was sufficient in the missing evidence to support the order of contribution. When it appears from the certificate of the officer making up a transcript which comes to us that there was evidence taken and preserved which subsequently became lost from the files, we should not feel justified in reversing a decree because of insufficient evidence to support it. To place plaintiff in error in a position to urge that contention he should have taken steps in the lower court to restore the missing evidence before bringing the record here for review.

It is apparent that the affairs of this association were conducted in a most fraudulent and high-handed manner. The plaintiff in error is not in a position to justify the very bitter complaint made by him that he is compelled to contribute to the payment of indebtedness made long after he ceased to be a director. His acts while director were just as fraudulent as the acts of the officers who followed him and

of the same kind. He and his associates seem to have set the pace by which their successors traveled.

In view of the transcript of the record as presented to us and the certificate of the officer below who made it up we feel constrained to affirm the decree.