Callies v. Callies.

## Gustav Callies v. Annie Callies.

91 305
104 1313

91 305
108 1394

1. APPELLATE COURT PRACTICE—*Presumptions in the Absence of a Certificate of Evidence.*—The Appellate Court, in the absence of a certificate of evidence by the clerk of the trial court showing a complete record in a cause, will presume that the complete record would show either evidence or a finding sufficient to justify the decree.

2. CHANCERY PRACTICE—*Filing Certificates of Evidence Nunc Pro Tunc.*—Where a complainant prepares and presents to the chancellor a certificate of evidence at the term of court at which a decree is entered, and the chancellor makes a note upon it that it was so presented, if the certificate is not filed until a subsequent term, the chancellor may properly enter an order that the same be filed *nunc pro tunc,* as of the day it was presented to him.

3. SAME—*Filing Certificates of Evidence Nunc Pro Tunc.*—The fact that a certificate of evidence is filed after the close of the term at which a decree is entered is not inconsistent with an order directing that it be filed *nunc pro tunc.*

4. PRACTICE—*Filing Papers Nunc Pro Tunc.*—An order requiring a clerk to file a paper *nunc pro tunc* does not require him to note in addition to the file mark that it was ordered filed *nunc pro tunc,* as of a former date.

5. SOLICITORS' FEES—*Allowance Must be Made to the Wife—Divorce.*—It is error to enter a decree in a divorce suit for the payment of solic-

itors' fees to the complainant's counsel. Such allowance can only be made to the wife.

**In Chancery,** for divorce. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed October 4, 1900.

DICKINSON & HAREMESKI, attorneys for plaintiff in error.

No appearance by defendant in error.

MR. JUSTICE WINDES delivered the opinion of the court.

Annie Callies, on a bill for divorce against her husband, Gustav Callies, obtained a decree May 16, 1899, according to the prayer of her bill, dissolving the marriage between her and her husband, giving her the custody of their children, directing the payment of $66 back alimony and permanent alimony at the rate of $4 per week. The decree also directs the payment by defendant of $75 solicitors' fees to counsel for complainant and awards execution for that amount to the complainant's counsel. To reverse this decree this writ of error is prosecuted by Gustav Callies.

It is claimed, first, that the record shows no evidence or finding of fact upon which to base the decree. This is true so far as concerns any findings of fact in the decree itself.

The transcript of the record is certified by the clerk of the Superior Court to be a "true, perfect and complete record as per præcipe on file herein." The præcipe, which is made a part of the record, directs the clerk to make a transcript of the record and insert therein the process and service, the pleadings, the final decree and "all orders in said cause up to and including the term at which said decree was entered, to wit, order entered January 23, 1899, record book No. 189." The record as made up is in accordance with the præcipe, down to and including the entry of the final decree, and also contains an order of the court under date of January 23, 1899 (nearly four months prior to the entry of the final decree), with regard to the payment of ali-

Callies v. Callies.

mony, which order is not necessary to be considered, because it is not claimed in counsel's brief that there was any error in that regard.

Since the filing of the brief and abstract of plaintiff in error there has been filed in this court an additional certificate by the clerk of the Superior Court, in which he certifies that this certificate contains a "true, perfect and complete copy of the clerk's register No. 21 on page No. 345, in case No. 196,423 of all papers registered January 13, A. D. 1899, up to and including October 3, 1899, both inclusive, also including chancery rules 1, 2 and 3, which appear of record in this office." The entries in the certificate appear to be in the case of Annie Callies against Gustav Callies, and purport to show the filing and dates of filing of certain papers in the cause, among others, "cert. of ev.," evidently an abbreviation for certificate of evidence, which appears to have been filed October 3, 1899. The rules of court contained in the certificate provide for the keeping by the clerk of "the clerk's chancery register," in which should be noted the number and title of all chancery causes, the names of solicitors therein and "the date of filing bills, petition, demurrer, answer or other pleadings therein, and of all affidavits, exhibits, or other papers therein, describing the same as briefly as may be necessary for identification."

It would seem from the manner in which the record is made up, and in view of this additional certificate of the clerk, to have been the intention of counsel to show that there was no certificate of evidence in the cause which could properly be considered a part of the record therein. If such was the intention of counsel we think he has failed in accomplishing his purpose.

It is true, as argued by counsel for plaintiff in error, that the record should show the evidence or should contain a finding of facts to justify the decree, but it is also true that this court, in the absence of a certificate by the clerk of the trial court showing a complete record in the cause, will presume that the complete record would show either evidence or a finding of facts sufficient to justify the decree.

Gorman v. Mullins, 172 Ill. 349; Lawrence v. Lawrence, 181 Ill. 253; Glos v. Beckman, 183 Ill. 158; Spraker v. Ennis, 78 Ill. App. 446, and cases cited; Bertrand v. Taylor, 87 Ill. 235; Culver v. Schroth, 153 Ill. 437-43; Highley v. Deane, 168 Ill. 271, and cases there cited.

It does not follow that because there appears in this record no order of the court made at the same term at which the final decree was entered, giving time in which to file a certificate of evidence, no certificate of the evidence could be properly made and filed at a subsequent term, as seems to have been done in this case. If a certificate of evidence was prepared by complainant and presented to the chancellor at the May term, 1899, at which the decree for divorce was entered, and the chancellor noted upon it that it was so presented, she did all that she could do, and if the certificate was not filed until a subsequent term by reason of any inability or neglect of the chancellor, she would not be to blame. The chancellor could properly have made an order, if these circumstances existed on the 3rd day of October, 1899, when the certificate was filed, that the same be filed that day *nunc pro tunc* as of a day in the previous May term. Conductors' Ass'n v. Leonard, 166 Ill. 157; Scott v. Schnadt, 70 Ill. App. 26; Stein v. Kendall, 1 Ill. App. 101.

All this may have been done and the record now before this court would not be inconsistent with such facts. The record before us does not purport to contain any orders of the court entered in the cause after the May term, 1899, and the fact that the certificate of evidence was filed October 3, 1899, is not inconsistent with an order having been entered on that date directing it to be filed *nunc pro tunc*. The rule of the court only required the clerk to note on his register the date of filing the certificate of evidence, which, as we construe it, means the date it was actually filed, and not that he should note, besides the actual date of filing, that it was also ordered filed *nunc pro tunc* as of a previous date.

We are therefore of opinion that plaintiff in error is pre-

cluded on this record from claiming that the decree should be reversed because it is not sustained by evidence, or a finding of facts contained, in the record, it appearing there is a record of evidence preserved, but not before this court.

The decree, providing as it does, for the payment to complainant's counsel of $75 solicitors' fees, instead of awarding the same to complainant, is error. The statute (Hurd's Rev. Stat. 1899, Chap. 40, Sec. 15), provides for payment of such allowance only to the wife, and it has been held in the case of Anderson v. Steger et al., 173 Ill. 112–9, that no such allowance can be made to the solicitor.

The decree of the Superior Court is in all things affirmed, except as to the allowance of solicitors' fees, as to which it is reversed for further proceedings in accordance with the law as herein held.   Affirmed.