|104  309|
|108  ⁴894|

## George L. Hopper v. C. S. Mather et al., Copartners as C. S. Mather & Sons.

1.  CHANCERY PRACTICE—*Certificate of Chancellor Unnecessary to Make Proceedings a Matter of Record.*—Proceedings in a chancery suit become part of the record by the certificate of the clerk independent of the judge's certificate.

2.  PRACTICE—*Courts May Make Rules for the Transaction of Business.*—Courts may make reasonable rules or orders for the transaction of their business, provided they are not in violation of the law of the land, and when made a matter of record they are to be governed thereby.

3.  SAME—*Rules of Court Are Law of Procedure.*—When such rules are entered of record in such courts, the same become the law of procedure therein, in matters to which they relate, until rescinded, or modified, and entered of record in such court, and the court can have no discretion to apply them or not, according to its convenience, unless such discretion is reserved in the rules themselves.

4.  PRESUMPTIONS—*Where Testimony Taken Does Not Appear on the Record.*—Where the testimony taken does not appear from the record, the finding of facts being sufficient to justify the order, it must be presumed that the court had jurisdiction to, and was justified by the evidence heard, in deciding the case as it did.

**Bill for an Injunction.**—Error to the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding.  Heard in this court at the March term, 1902.  Affirmed.  Opinion filed November 28, 1902.

**Statement.**—Defendants in error, January 29, 1895, filed their bill against plaintiff in error and others, which was

still pending on June 1, 1898, being one of the days of the May term, when the chancellor entered an order, viz:

" And now on this day this cause being called for trial, and complainants not appearing in person or by counsel, and they being now here three times solemnly called in open court, come not, nor does any one for them, but herein they make default and fail to prosecute this suit in their behalf. It is therefore ordered by the court that this suit be and the same is hereby dismissed for want of prosecution, without costs."

July 2, 1898, at the June term of the court, defendants in error moved to set aside the order of dismissal, and the cause was, by an order entered the following July 11th, reinstated. Subsequently, on April 2, 1900, the defendants, including plaintiff in error, entered a special appearance for that purpose, and denying the jurisdiction of the court in the cause except to pass upon the accounts of the receiver, make disposition of the property in his hands, and to make such further and other orders as might be necessary to give effect to its order of June 1, 1898, dismissing the cause, moved the court to set aside its order of July 11, 1898, reinstating the cause, upon the ground that the court had lost jurisdiction to enter the last named order. This motion was overruled and the chancellor proceeded to and did enter a final decree against plaintiff in error of $1,027.08, with interest. This writ of error is prosecuted to review and vacate the order of July 11, 1898, reinstating the cause, and the subsequent decree of the court against plaintiff in error.

JOHN W. BURDETTE, attorney for plaintiff in error.

S. A. FRENCH, attorney for defendants in error.

MR. JUSTICE WINDES delivered the opinion of the court.

The sole question presented in this case is whether the chancellor had jurisdiction to enter the order of July 11, 1898, vacating the dismissal of the cause at the previous May term for want of prosecution.

By an additional record filed by defendants in error it appears, among other things, that on April 11, 1898, the

following general order was entered by the Circuit Court, the judges of said court sitting " in banc," viz:

" In the Matter of the General Call ⎰
    of the Chancery Docket. ⎱

Ordered that a general call of all chancery cases pending in this court, commenced before January 1, A. D. 1898, be made as follows: By Judge Burke, June 1 and 2, 1898; by Judge Tuley, June 6 and 7, 1898; by Judge Dunne, June 21 and 22, 1898.

" It is further ordered that unless for good cause shown each judge will dismiss for want of prosecution all cases not ready for trial and wherein no order has been made or action taken before a master for one year prior to the first day of January, A. D. 1898.

" And it is further ordered that any case so dismissed may for good cause shown, be reinstated by the court upon application within sixty days from date of dismissal."

Also there appears from said record that certain causes were dismissed in the general call of Judge Burke's docket, without costs, on June 1, 1898, but the title of no cause is given —only certain cases with certain numbers, including, among others, No. 433. The clerk, in the same record, certifies " that term No. 433, as appears in the foregoing instrument (referring to said order of dismissal as it appears from his minute book), was the term number of chancery case Gen. No. 137,964, entitled C. S. Mather et al. v. G. S. Hoppe et al., on June 1, 1898, as appears from the records in my office.

It is contended that there is nothing in the record, nor in the additional record, which in any way identifies this case, viz., C. S. Mather et al. v. C. L. Hopper et al., Gen. No. 137,964, with this order of dismissal. The record is otherwise. On the fifth page of the original record appears the motion of the solicitor for the defendants to set aside the order of July 11, 1898, and it is entitled in the cause as above given, and besides the general number the title includes " Term No. 433." Also in the additional record the caption of the certificate of evidence as to what was considered by the court upon the motion to vacate the order of dismissal, is entitled in the same way. It is contended that the chancellor had no right, after the lapse of the term,

to make any certificate as to what he considered upon the
hearing of said motion, but if this contention is correct,
still we are of opinion that the general order above recited,
as well as the clerk's minute book, the report of the master
in chancery and the receiver's report, all of which are
included in said certificate, were properly a part of the
record without any certificate of the chancellor.   They are
all certified by the clerk, and are proper to be considered
here as an additional record, independent of the judge's cer-
tificate.    Flaherty v. McCormick, 123 Ill. 525–32; Ames v.
Stockhoff, 73 Ill. App. 427, and cases cited.

We are of opinion that the term number 433, as it appears
in the clerk's minute book, and the title of the cause as it
appears in the motion of plaintiffs in error, above referred
to, sufficiently identify the cause dismissed by Judge Burke
on his general call on the first day of June, 1898, with the
order of dismissal as it appears in the original record in
this case.

It remains to be considered whether the Circuit Court
had power to make the general order it did, and thereby
reserve the right to reinstate any case after the lapse of the
term and within sixty days from the date of the dismissal.
Had the court in its order of June 1, 1898, reserved the
right, as in the general order, to reinstate the case, there
can be no question but that the court would have had juris-
diction at any time within sixty days from the order of dis-
missal to set it aside.    In fact, counsel for plaintiff in error
concede that the court had such power.

Courts may make reasonable rules or orders for the trans-
action of their business, provided they are not in violation
of the law of the land, and when made a matter of record
they are to be governed thereby.    Hurd's Stat., Ch. 37,
Sec. 34; People v. Blades, 104 Ill. 591; Treishel v. McGill,
28 Ill. App. 68; Lancaster v. Ry. Co., 132 Ill. 492; Beve-
ridge v. Hewitt, 8 Ill. App. 467–73; R. R. Co. v. Haskins,
115 Ill. 300–10.

In the Treishel case, *supra*, the court, in construing the
statute above referred to with reference to rules of court,
say :

Hopper v. Mather.

" When such rules are entered of record in such courts, the same become the law of procedure therein, in matters to which the same relate, until rescinded or modified and entered of record in such court."

In the Lancaster case, *supra*, the court, in speaking of a similar statute with reference to the power of the Supreme Court, say :

" While the court may at any time modify or even rescind its rules, yet until it does so, it should administer them according to their terms, and it can have no discretion to apply them or not, according to its convenience, unless such discretion is reserved in the rules themselves."

This general order applying to all chancery cases in the Circuit Court, amounts to a rule of court with regard thereto, and reserving, as it does, the power to reinstate the case, gave the court jurisdiction to enter the order of July 11, 1898. There is no claim that full notice was not given of the general order.

The original record in this case is made up pursuant to a præcipe, which only calls for the process and a complete record from and after December 30, 1896. From the record so made it appears, among other things, that the chancellor considered the motion of defendants in error to dismiss the cause for want of jurisdiction, that he considered the report of the master in chancery and the testimony taken in the cause, and found that the court had jurisdiction. What testimony was taken does not appear from the record, in the absence of which, the finding of facts being sufficient to justify the order, it must be presumed that the court had jurisdiction to and was justified by the evidence heard, in reinstating the case, as was done, and proceed with the hearing. Spraker v. Ennis, 78 Ill. App. 446; Callies v. Callies, 91 Ill. App. 305, and cases cited.

There is no claim by counsel for plaintiff in error, but that the final decree was proper, if the court had jurisdiction to render it—only that it is void for want of jurisdiction. The case being properly reinstated, the court had jurisdiction to proceed to a final hearing.

A preliminary motion was made and reserved to the

hearing, to strike from the files the said additional record. The motion is overruled. While part of the additional record is not proper and might well have been stricken out, the other parts especially hereinabove referred to being properly a part of the record, without any certificate of the chancellor, we think defendants in error had the right, on leave given, to file it in this court. The motion being as to the whole of the additional record, could not be maintained because a part only of the additional record was improper.

Being of opinion that there is no error in the record in the respects claimed, the order of the Circuit Court reinstating the cause and the final decree therein are affirmed.