### J. O. Allebone v. North Side Riding Academy.

1. EQUITY—*Where There is a Complete Remedy at Law.*—Where there is a complete and adequate remedy at law, it is error for a chancery court to assume jurisdiction.

2. PRESUMPTIONS—*As to Evidence Before Chancellor in Absence of a Complete Record.*—In the absence of a complete record, this court must assume that the evidence before the chancellor was sufficient to justify the decree. Especially is this true where the findings of fact recited in the decree are sufficient to sustain it.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM. Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed June 18, 1903.

ROBLIN & SICKLESTEEL, attorneys for appellant.

LEE, LEE & SCHUCHARDT, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee filed a bill in which it is alleged in substance, among other things not necessary to be stated, that it was the owner of certain goods and chattels, describing the same, which were about to be replevied by appellant under a writ of replevin issued out of the Circuit Court at his suit against appellee and others; that the nature of its said property and the business it was carrying on, which are described and set out in the bill, were such that if said property was taken under the replevin writ appellee would suffer irreparable damage; that appellant had threatened to break up the business of appellee and that his alleged claim to said property was obtained by fraud and collusion, the details of which are stated in the bill. A preliminary injunction was issued according to the prayer of the bill, after which an answer was filed in which appellant's claim of title to the property in question was set out and a denial made of all fraud and collusion, and claiming that appellee had a complete and adequate remedy at law. After issues formed a trial was had before the chancellor upon evidence, oral and documentary, taken and offered in

open court, which resulted in a decree finding, among other things, that appellee was the owner of the property in question; that appellant's claim of title thereto was obtained by collusion and fraud, and perpetually enjoining the execution of said writ of replevin. From this decree the appeal herein is taken, and appellant's counsel insist that the court erred in issuing the preliminary injunction and in rendering the final decree perpetually enjoining the execution of the replevin writ, and in other respects, as to which there is no argument.

After a full and careful consideration of the record, which is incomplete, and arguments of counsel, there seems to be a grave question as to whether a court of equity should have taken jurisdiction in the case for the reason claimed by appellant, that there was a complete and adequate remedy at law, which could have been presented by appellee in defense to the replevin suit in the Circuit Court. There seems to be sufficient ground of equity jurisdiction, both in the allegations of the bill regarding the fraud and collusion of appellant, and the evidence in support thereof; but while this is true, we are inclined to the view, from the incomplete record before us, that appellee had a complete and adequate remedy at law, which it could have presented in defense to the replevin suit. If such were the case, it would follow that it was error for the chancery court to assume jurisdiction on the ground of fraud. 1st Pomeroy's Eq. Juris., Secs. 177, 179, 185; County of Cook v. Davis, 143 Ill. 154; Durand v. Gray, 129 Ill. 9.

Because of the incompleteness of the record, however, we are of opinion that we should not, and we do not, decide this question of jurisdiction. The principal contention of appellee is that it would be irreparably damaged because, in its business of conducting a riding academy, it had assumed liabilities in connection with a leasehold of the premises occupied by it in its business, and a certain contract for the use of horses and its riding academy, by one Colonel Young. The contract in this regard was identified and offered in evidence as an exhibit, but it nowhere

appears in the record, so far as we can find. We regard it as probably very material in determining the question presented, namely, as to whether appellee would suffer irreparable damage by the execution of the re-plevin writ, and feel constrained, because of its absence from the record, to affirm the decree by reason thereof. It is well settled that in the absence of a complete record, we must assume that the evidence before the chancellor was sufficient to justify the decree. Especially is this true where the findings of fact recited in the decree are sufficient to sustain it. University of Ill. v. Globe Bank, 185 Ill. 514–25; Callies v. Callies, 91 Ill. App. 305, and cases cited; Hopper v. Mather, 104 Ill. App. 309–12; No. 9928 of this court, Day v. Davis, opinion filed 13th day of February, 1902, not reported.

The decree in this case finds, among other things, that appellant's claim of title to the property in question was obtained through collusion and fraud, and " was fraudulent and void as against the rights of the complainant herein, and that the execution of said writ of replevin would cause irreparable injury to the complainant, and would work a hardship upon the complainant, which could not be adequately redressed by any action upon a replevin bond." These findings we think fully sustain the decree, and it is accordingly affirmed.