DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1906.

---

### Leo S. Marks v. Louis Greenberg et al.

#### Gen. No. 12,756.

1. DISMISSAL—*when proper for want of prosecution.* Dismissal upon a general call for failure diligently to prosecute the cause, is proper where ample opportunity to show cause why such dismissal should not be made is afforded and not availed of.

Bill in chancery. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 8, 1906.

BENJAMIN J. SAMUELS, for appellant; ISRAEL SHRIMSKI, of counsel.

S. LAING WILLIAMS, for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellant filed a bill in chancery against Louis Greenberg and Edward E. Wilson and wife, the appellees, July 29, 1902. A temporary injunction was issued against appellees the same date. After the issuing of the injunction no further proceedings were had in the cause until September 2, 1902, when the ap-

pellees entered their appearance. September 19, 1902, appellees filed a general demurrer to the bill. The transcript, which is certified to be a complete transcript of the record, shows that no further proceedings were had in the cause until March 30, 1905, when the court entered the following order:

"Ordered: That all chancery cases commenced previous to July 1, 1904, and now pending in the Superior Court to be put at issue before May 1, 1905, and in default of the same being done, such cases shall be dismissed for want of prosecution and for want of compliance with the order, at a general call to be commenced May 10, 1905, and continued from day to day thereafter by Judge Kavanagh unless good cause be shown by affidavit at the time of such call why this order was not complied with. And it is further ordered that in such general call all cases shall be dismissed in which no proceedings of record have been taken since July 1, 1904, and prior to the entry of this order, unless like good cause to the contrary shall be shown by affidavit. It is further ordered that a calendar of all cases to be then called, be prepared by the clerk of this court, and that all cases upon such call wherein cause shall not be shown at the time of such call, shall be dismissed in accordance with the foregoing order. It is also ordered that the time to reinstate cases dismissed in accordance with the foregoing order be and the same is hereby limited to and including June 30, 1905."

Notice of the entry of this order was published, from time to time, in the Chicago Daily Law Bulletin, a daily paper wherein all notices and orders of the Superior Court of Cook County are published for the information of the Cook County bar. The cause was continued on the general call May 20, 1905, until May 23, 1905, in order for appellant to show cause why the cause should not be dismissed in accordance with the rule, which appellant failed and refused to do, and made the following motions, each of which was overruled by the court: Motion to take up and hear the de-

murrer to the bill; motion to set the cause for trial; motion to retain cause on docket, on the ground that the order of March 30, 1905, was improperly entered; motion to place the demurrer on the contested motion calendar for hearing. The court, after overruling appellant's said motions, dismissed the bill on motion of appellees.

The appeal, as appears by the condition of the appeal bond, is from the order dismissing the bill, and also purports by said condition to be from an order denying a motion to reinstate the cause; but no motion to reinstate the cause, or any order denying such motion, is contained in the record. The sole question, therefore, is whether the bill was properly dismissed. We think the order of March 30, 1905, a valid order. A similar order was before us in Hopper v. Mather, 104 Ill. App. 309, and was held valid. The order expressly provides, "And it is further ordered that, in such general call, all cases shall be dismissed in which no proceedings of record have been taken since July 1, 1904, and prior to the entry of this order, unless like good cause to the contrary shall be shown by affidavit." In this cause the last proceeding of record, prior to the entry of the order of March 30, 1905, was the filing of a demurrer to the bill September 19, 1903. It appears that appellant had ample opportunity to show cause, if any there was, why the bill should not be dismissed, and this he failed and refused to do. Having so failed and refused, the court committed no error in overruling appellant's motions above mentioned.

The decree will be affirmed.

*Affirmed.*