**W. L. Doggett, H. E. L. Doggett and A. M. Doggett, Trading as W. L. Doggett & Brothers, Appellees, v. Charles Ruppert, Appellant.**

### Gen. No. 17,962.

1. BROKERS—*questions for jury.* Where plaintiffs had been employed by defendant to secure a purchaser for a leasehold and procured a prospective purchaser, to whom the sale was finally made, the questions whether their employment had then ceased or whether their services were the procuring cause of effecting the sale, and whether they were acting in good faith, were all for the jury, and verdict for plaintiffs will not be disturbed.

2. APPEALS AND ERRORS—*objections as to parties.* Where a co-partnership brings suit and one member is not joined as a party, it is too late to raise the point of such nonjoinder in the Appellate Court, and where the assignment of error has been made on the point, it is not before the court.

3. APPEALS AND ERRORS—*general assignment of error.* A general assignment of error that the court erred in denying defendant's motion to find for the defendant is not sufficient.

Appeal from the Municipal Court of Chicago; the Hon. ISIDORE H. HIMES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 13, 1913.

HENRY S. WILCOX and JESSE WILCOX, for appellant.

BRADLEY, HARPER & EHEIM, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is a suit for services rendered by A. M. Doggett, a member of the firm of appellees, real estate brokers, for Charles Ruppert, appellant, at his instance and request. The case was tried by the court and a jury, and appellees obtained a verdict and judgment for $2,500, which we are asked to reverse.

The transaction involved was the sale of the leasehold of the northwest corner of Quincy street and State street, in Chicago, which was owned by appellant. The evidence proved that appellant employed A. M. Doggett to secure a purchaser of the leasehold; that Doggett brought one Jacob Kesner to appellant as a possible purchaser; that negotiations back and forth between appellant and Kesner were carried on for a considerable time, in which Doggett took an active part, and that finally Kesner did buy the leasehold. Appellant claims that Doggett was not the procuring cause of the sale but that his employment had ceased, and that the sale to Kesner was brought about through other causes than through the services of Doggett. Considerable testimony which it is argued supports this claim was presented to the jury. It is not neces-

sary to narrate it in this opinion. After giving careful consideration to the record before us, we are unable to say that the conclusion of the jury was against the weight of the evidence. The question whether the services and efforts of Doggett were the procuring cause of effecting the sale to Kesner, was a question of fact for the jury, and upon the record before us its verdict should not be disturbed. Reed v. Young, 146 Ill. App. 210; Hafner v. Herron, 165 Ill. 242; Rigdon v. More, 226 Ill. 382.

The point is made that Doggett did not act in good faith towards appellant, but apparently the jury thought otherwise, and the evidence presented as supporting this claim of bad faith is not convincing.

Some complaint is made of the rulings of the court upon the evidence, but nothing appears sufficiently serious to require a reversal.

The suit was commenced by W. L. Doggett, H. E. L. Doggett and A. M. Doggett, doing business as W. L. Doggett & Brothers, while the evidence shows that one O. J. Doggett was also a member of the firm, and it is argued that this nonjoinder bars a recovery. We do not agree with this contention, for it comes too late to raise this point for the first time in the Appellate Court. Spraker v. Ennis, 78 Ill. App. 446; Johnson v. Richardson, 17 Ill. 302. Furthermore, no assignment of error is made on this point, and therefore it is not before us. Swift & Co. v. Fue, 167 Ill. 443.

The general assignment of error that the court erred in denying defendant's motion to find for the defendant is not sufficient. Stanley v. Chicago T. & S. Bank, 61 Ill. App. 257; Prairie State Loan & Bldg. Ass'n v. Gorrie, 167 Ill. 414; Berry v. City of Chicago, 192 Ill. 154.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*