## E. L. Cook, trading as E. L. Cook Lumber Company, Appellee, v. Perfection Piano Bench Manufacturing Company, Appellant.

### Gen. No. 29,241.

1. SALES—*sufficiency of evidence of breach of warranty of fitness for special use.* Where defendant in an action for the price of lumber sought to recover special damages by way of set-off for loss resulting from working the lumber into piano benches when it was not kiln dried as represented, knowledge by plaintiff of the purpose for which the lumber was to be used was not shown by proving that he knew defendant was engaged in manufacturing furniture.

2. SALES—*admissibility of evidence on issue of breach of warranty of fitness for special use.* It was not error, on set-off to recover damages because lumber purchased by defendant was not kiln dried, to refuse to permit defendant to state the requirements of lumber in that respect for the purpose to which it was to be put, as such statement would not tend to show that plaintiff knew of such requirements.

3. SALES—*want of inspection by buyer as affecting seller's liability for breach of warranty of fitness for special use.* Where defendant in an action for the price of lumber sought to recover, by way of set-off, damages because the lumber was not kiln dried, as warranted, a holding that defendant was not entitled to recover because no inspection of the lumber was made and such an inspection would have shown the condition of the lumber, was erroneous as defendant was entitled to rely upon the warranty, the defect not being obvious.

4. SALES—*necessity for proof of allegations in statement of set-off in action for price.* Where defendant in its statement of set-off in a suit for the price of lumber alleged that it was unable to determine by inspection that the lumber was not kiln dried, it would be required to prove such allegation.

5. SALES—*acceptance by buyer as waiver of breach of warranty of article sold.* Under section 49 of the Uniform Sales Act, Cahill's St. ch. 121a, ¶ 52, the purchaser of lumber, by accepting it, was not prevented from claiming damages by reason of the seller's breach of warranty that it was kiln dried.

6. SALES—*when directed verdict for price proper as against claim of set-off.* Where the amount of plaintiff's claim for lumber sold was not in dispute and defendant who pleaded in set-off

damages because the lumber was not kiln dried, a verdict was properly directed for plaintiff when defendant failed to prove either an express warranty as to the lumber or that plaintiff knew the particular use to which the lumber was to be put.

7. SALES—*when nonjoinder not shown in action for price.* In an action for the purchase price of lumber sold to defendant, evidence that at the time of the sale the seller, now a corporation, was a partnership, does not of itself show a want of proper parties, although the action is brought in the name of an individual doing business as a corporation.

8. APPEAL AND ERROR—*when nonjoinder not reviewable for want of assignment of error.* Where there was no contention made on the trial nor any intimation that the plaintiff, doing business under a corporate name, was not the proper party and there was no assignment of error in that respect, a contention that the judgment for plaintiff should be reversed because of a want of proper parties appears on the face of the record, as shown by plaintiff's testimony, was without merit, though plaintiff's evidence shows that plaintiff's company is a corporation but that it was a partnership when the lumber was sold.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JAMES J. O'TOOLE, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1924. Affirmed. Opinion filed April 29, 1925.

JOHN C. BURCHARD, for appellant.

HERBERT A. SCHRYVER, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendant to recover $268.96, claimed to be due him as purchase price for lumber, which he had sold and delivered to the defendant. The defendant did not deny that he had received the lumber, nor that it had not paid for it, but interposed a set-off of $341.20. There was a trial before a judge and a jury and at the close of the evidence a directed verdict in favor of plaintiff for the amount of its claim. Judgment was entered on the verdict and the defendant appeals.

The defendant in its statement of set-off averred that, at the time it purchased the lumber from plaintiff, it was "engaged in the business of manufacturing high grade piano benches and player roll cabinets. This fact was well known to plaintiff. Plaintiff also well knew that one of the prime requirements of lumber to be used in manufacturing piano benches and player roll cabinets is that such lumber be kiln dried"; that plaintiff guaranteed that if the defendant would purchase the lumber, it would be kiln dried; that relying upon the representation, the defendant purchased the lumber and it was delivered to it by plaintiff; that plaintiff well knew the lumber "was to be used for the making of fine piano benches and player cabinets." It is then set up that the lumber was not kiln dried, but was green and wholly unfit for the purpose for which it was purchased. Continuing the defendant alleged, "yet defendant being unable to determine this fact by inspection, used and manufactured said lumber into piano benches and player roll cabinets" which came apart and were wholly worthless.

The record discloses that plaintiff sold lumber to the defendant on three different occasions, viz., January 5, January 7 and January 17, 1922, the agreed price of which was $268.96; that the order of January 5 was made up of four items, one of which was "196' 8/4 F A S Red Gum K D S2S @ $180. . . . $35.28." And it is in evidence that the letters "K D" meant kiln dried. This was the only item of lumber to which defendant made any complaint, so that it appears that to plaintiff's claim of $35.28, the defendant was interposing a set-off of $341.20. It further appears from the evidence that when this lumber was delivered by plaintiff to the defendant, the foreman ordered the workmen to use it in the construction of piano benches, which was done and the benches made within a day or two after delivery, and

within a few days thereafter it was discovered that parts of the benches were warped and cracked on account of the fact that the lumber in question was not kiln dried.

The defendant contends that there was an express warranty that the lumber in question would be kiln dried; that the evidence discloses that it was not kiln dried; that when it was worked into piano benches it warped which resulted in damages to the defendant and that plaintiff should be held liable. If we assume that there was an expressed warranty in this respect and that the defendant was damaged as it contends, yet the plaintiff would not be liable for the special damages claimed unless he knew that the lumber was to be used by the defendant in making piano benches. This was the defendant's position because it alleged in its claim of set-off that plaintiff well knew this fact. And the defendant here contends that it has made proof in this respect, because the evidence of plaintiff who was called by the defendant discloses that plaintiff knew that the defendant was engaged in the furniture business. But this in our opinion falls short of proving that the plaintiff knew the lumber was to be used by the defendant in making piano benches and it is further insufficient to show that plaintiff knew that the lumber was to be used only "for end rails" of the benches as the evidence shows it was used for that purpose. Where it is sought to recover special damages, such as the defendant is claiming in this case, it must at least appear that plaintiff knew it would be liable for such damages in case the lumber was not as warranted. *Globe Refining Co. v. Landa Cotton Oil Co.*, 190 U. S. 540; *Hadley v. Baxendale,* 9 Exch. 341; *Benton v. Fay & Co.,* 64 Ill. 417; 2 Williston on Sales (2nd ed.), secs. 599-A, 599-B.

In the *Globe Refining* case, Mr. Justice Holmes in delivering the opinion said (p. 545): "It may be said

with safety that mere notice to a seller of some interest or probable action of the buyer is not enough necessarily and as matter of law to charge the seller with special damage on that account if he fails to deliver the goods.'' In the instant case the evidence fails to show that the plaintiff knew the lumber in question was to be used by the defendant for ''end rails'' in the manufacturing of piano benches. Nor is there any evidence tending to show plaintiff knew that it was a prime requirement that the lumber which was to be used in the manufacture of piano benches should be kiln dried.

The witness for the defendant was asked: ''What are the requirements with reference to the manufacturing of piano benches as to whether the lumber is kiln dried or not?'' Objection to this question was sustained. This question, even if answered, would not tend to show that plaintiff knew of such requirements. The trial judge held that since the evidence disclosed that defendant by inspection could have readily found out that the lumber in question was not kiln dried and since no inspection was made, the defendant could not claim any damages. In this we think there was error. If we assume that the record discloses there was an express warranty that the lumber was kiln dried, defendant was entitled to rely upon this warranty since the defect in the quality of the lumber was not obvious. 1 Williston on Sales (2nd ed.), sec. 208. The ruling of the court, however, might have been based upon the fact that the defendant alleged in his statement of set-off that he was unable to determine by inspection that the lumber was not kiln dried, and in this view the ruling was correct, because the defendant would be required to prove such allegation.

The defendant was not prevented from making claim for damages by reason of the fact that it accepted the lumber as plaintiff contends, because sec-

tion 49 of the Uniform Sales Act [Cahill's St. ch. 121a, ¶ 52] expressly provides that where the defendant accepts the goods he may still claim damages by reason of a breach of warranty. *Canada Maple Exchange, Ltd. v. Scudder Syrup Co.*, 223 Ill. App. 165.

The defendant having failed to prove that there was an express warranty of the lumber and having failed to prove that plaintiff knew the particular use the defendant was to make of the lumber, the court rightly held that the defendant had not maintained its claim of set-off and since there was no dispute of plaintiff's claim, a directed verdict for the plaintiff was proper.

The defendant makes the further point that the judgment should be reversed because of "a want of proper parties below appearing on the face of the record." And it is argued that this appears from the testimony of plaintiff.

The record discloses that plaintiff was called by the defendant under section 33 of the Municipal Court Act [Cahill's St. ch. 37, ¶ 421] and his examination on this question is as follows: "Q. Your name please. A. E. L. Cook. Q. And this E. L. Cook Lumber Company, that is your business? A. Yes, I am president of the company. Q. Is it a corporation? A. Yes sir. Q. Was it a corporation? A. Yes sir. Q. Was it when you first sold this lumber? A. No, it was a partnership. Q. Did you sell this lumber? A. No, our company sold it." This is all that appears and we think it insufficient to show, as a matter of fact as well as a matter of law, that there were other partners interested in the suit. There was no contention made on the trial, nor any intimation that plaintiff was not the proper party. Nor is there any assignment of error in this respect. There is no merit in the contention. *Doggett v. Ruppert*, 178 Ill. App. 230.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.